Last case on the calendar is United States v. Hinkle I just want to note, you did not ask to proceed by Zoom. I think you must know that if you want to proceed by Zoom, you have to file a letter with the court. You understand that, right? Yes, it was my fault. Judge, my staff told me to do a press conference and I took their word and didn't read the notice myself. So that was my mistake. I would have liked to have come to New York if I thought I could support them. Alright, go ahead. Just keep your voice up because I'm having a little trouble hearing you. Yes, I represent Howard Hinkle and I'm bringing this for bail review. Mr. Hinkle is charged in the Western District of New York originally with order to be released by Magistrate Romer. The government filed a stay of that order of release and Judge Sinatra found that my client should be detained. The United States Probation Department had recommended Mr. Hinkle's release on conditions, very strict conditions, home incarceration, and I thought that those conditions were appropriate given the case. And I feel that Judge Romer was accurate in recommending to the district court Mr. Hinkle's release. The case that's before this court involves a 920 force charged with marijuana. Mr. Hinkle did appear to possess some guns in his home when there was a search warrant executed. But when I was listening to the arguments on the Second Amendment issue, there was a great deal of discussion about what happens in rural areas. This area where Mr. Hinkle lives is called New York where a lot of people engage in hunting and so forth. But he's a felon, Mr. Bogulski. He's not allowed to have 19 firearms, right? That's correct. I would ask you more. Maybe it's not technically moot, but the government points out in its opposition that your client has now been charged with conspiracy to obstruct justice, tampering with witness, and retaliating against a witness resulting in the death of that witness. So the record has completely changed since you made this initial application, right? Yes, that's 100% correct. I've drafted another motion to the court. I haven't filed it, but I'm going to argue that Mr. Hinkle, he's in the Chautauqua County Jail. He's been placed in the trustee or honor dorm. And in jails, as you know, individuals are classified based on risk. And my argument to the court is that he obviously, according to jail officials, does not present a big risk of flight because they wouldn't put him in the trustee dorm. How about danger? Well, I would argue that he's not a danger. I've read this indictment, and it's very vague. It deals more with the association of individuals, but it's very lacking significantly in details as to overt acts or what my client allegedly did. It talks about some text messages. It talks about him having some associations with individuals. It doesn't say what his role was. And of course, I'll be demanding a bill of particulars on his behalf. All right. Thank you. As a technical matter, the government, you filed apparently duplicative notices of appeals. I assume you want to withdraw the 2380361 and just use proceeding on the 78231. Is that accurate? Yes. All right. Thank you. All right. May it please the court. Monica Richards on behalf of the United States. As the court noted, I do think this case is in a very different posture now that the second superseding indictment has been filed that does contain very serious charges. And even as is noted in my opponent's paperwork, he says. Hold on. The time's not moving, Jasmine. Thanks. Good. I'm sorry. But was there another bail hearing after the superseding indictment? I saw the magistrate just said detained. Was it just like a pro forma, you're continuing to be detained, or there was another application? The government wouldn't. No, the government didn't move for that. They wouldn't, in the sense that they was already detained. To the extent that I've just heard my opponent say he intends to file a new motion seeking release, that would, again, put this case in a different posture. And that would moot this case, I guess, if the judge does anything different. Actually, I guess if he detains him again, it would definitely moot this case. But in any event, that has not yet been filed. He does face these serious charges. And those do carry two of the three counts with which he's charged now do carry potential for mandatory life imprisonment, which changes the outlook altogether here. What the conditions that were proposed by the magistrate judge initially were deemed inadequate. Notably, the attorney, the AUSA representing the government at that stage, said because his base of criminality is his home, so requiring him to stay at home where that's where his marijuana grow and guns were wouldn't have prevented the conduct charged here. He obtained those guns, as your honor noted, while in the status of being a felon, I'm sorry, a prior felon. And so his possession under any circumstances, no matter how he obtained those, he obviously, well, I'll correct that. The record would suggest he could not have obtained those legally, given the prior felony conviction. So with regard to all the matters that were stated by the district court, I would ask this court to also find the danger to community is present here. If there's any further questions, I'll rest on the case as submitted. All right. Thank you. Thank you both. We'll reserve the decision.